IN THE UNITED STATES DISTRICT COURT FOR
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   2:07-cr-0126-MHT |
| ) | |
| DONNIE ROY REEVES, ) | |
| ) | |
| Defendant. ) | |

### SENTENCING MEMORANDUM

While the Federal Sentencing Guidelines remain an important sentencing factor, U.S. v. Talley, 431 F.3d 784, 788 (11t h Cir. 2005) (per curiam), "the sentencing Court does not enjoy the benefit of the legal presumption that the Guidelines' sentence should apply," U.S. v. Booker, 543 U.S. 220, 259-260 (2005). Under Booker, parties are inherently on notice that the sentencing ranges set out in the Guidelines are merely *advisory* and that the district court must impose a reasonable sentence that is "sufficient but not greater than necessary." U.S. v. Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006) (emphasis added); 18 U.S.C. § 3553(a). In arriving at a reasonable sentence, the Court is required to take the following factors into consideration:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

U.S. v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). The Courts must also consider the statutory directives presented in other parts of § 3553 as well as the Congressional directive that "no limitation shall be placed on the information concerning the

background, character, and conduct of [the defendant in the course of the sentencing process]." 18 U.S.C. § 3661. Thus, after taking these factors into consideration, the sentencing Court is free to impose a more lenient sentence than the one suggested by the Guidelines if doing so would result in a reasonable sentence. <u>U.S. v. Crawford</u>, 407 F.3d 1174, 11778-1179 (11th Cir. 2005).

In this case, the following factors, individually, and in combination warrant a downward departure under the Sentencing Guidelines under 18 U.S. C. § 3553(a).

### **Employment History**

a) Before suffering a heart attack and undergoing emergency bypass surgery in the summer of 1996, Mr. Reeves maintained continuous gainful employment since the age of 12. During that time Mr. Reeves worked in a number of different capacities including newspaper delivery person, commercial roofer, waiter, salesman, administrative assistant, and serviceman in the Army National Guard. However, after barely surviving the bypass surgery, Mr. Reeves was diagnosed with Cardiomyopathy Disease, leaving Mr. Reeves with only 40% of his heart muscle function. This condition soon cost Mr. Reeves his business, his home, his car, and his marriage and eventually forced him to file bankruptcy. In 1997, the Social Security Administration deemed Mr. Reeves Permanently and Totally Disabled and thus physically unable to perform any type of meaningful job activities.

### **Health Condition**

b) Mr. Reeves is 58 years old and is in poor health. Medical records reflect the following findings and diagnoses as to Reeves:

- Type II Diabetes
- Ischemic Cardiomyopathy
- Coronary Artery Disease

- Acid Reflux

- Chronic Renal Failure

- Hypertension (high blood pressure)

- Emergency Quintuple Bypass Surgery

- Hospitalization in Intensive Care Unit

Considering Mr. Reeve's age and physical and mental infirmities, even a statutory minimum sentence might be an effective lifetime sentence for him. U.S. v. Gray, 453 F.3d 1323 (11th Cir. 2006) (sentence below Guidelines is reasonable upon consideration of history and characteristics of the defendant, particularly age, prior criminal record, and medical condition); U.S. v. Hildebrand, 152 F.3d 756 (8th Cir. 1998) (downward departure from guideline range affirmed for defendant who had life-threatening health problems).

### Criminal History

c) Mr. Reeves has no prior criminal history. "One of the purposes of our sentencing system is to impose the punishment that most effectively lessens the likelihood of future crime, either by deterring others or incapacitating the defendant." U.S. v. Clay, ___F.3d ___, 2007 WL 968837, at pages 12 – 13 (11th Cir., April 3, 2007) (affirming a 60 month sentence where the Guideline range was 188 – 235 months). Both the Guidelines' calculations and section 3553(a) require a sentencing judge to consider the defendant's characteristics that make it more or less likely that the defendant will reoffend. Id. at 13. Mr. Reeves is not prone to criminal activity and has no inclination to ever engage in criminal activity ever again. He has taken responsibility for his wrongful actions and wants to start making restitution as soon as possible. Further, while custodial sentences are qualitatively more severe than probationary sentences of equivalent terms, offenders on probation are nonetheless subject to several standard conditions that

3

substantially restrict their liberty. Gall v. U.S., 128 S. Ct. 586, 595 (2007); see U.S. v. Knights, 534 U.S. 112, 119 (2001) ("Inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled") (internal citation omitted). Probationers may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. Gall at 596; USSG § 5B1.3.

**Mitigating Circumstances**

d) Pursuant to United States Sentencing Guidelines § 5K2.0, a downward departure may be warranted where there exists "a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in the formulation of the Guidelines." 18 U.S.C. § 3553(b); § 5K2.0. Any information concerning the background, character, and conduct of the defendant may be considered without limitation in determining an appropriate sentence. U.S.S.G. § 1B1.4; U.S. v. Koon, 518 U.S. 81, 98 (1996). When looking at 18 U.S.C. § 3553(f), it should be noted that:

1) The Social Security Benefit checks Mr. Reeves was receiving were only enough to sustain life. After paying rent, Medicare payments, and physician bills, Mr. Reeves barely had enough money left over to purchase his meals. Meanwhile, his mother's health took a turn for the worst and she quickly began losing her ability to care for herself. Also, Mr. Reeves' sister lost her job and could no longer support herself or help Mr. Reeves support their mother. The stress over the family's financial trouble eventually took its toll and it wasn't long before Mr. Reeves began contemplating

4

suicide on a daily basis. It was at this point that Mr. Reeves decided to go back to work and not divulge his employment status to the Social Security Administration and Department of Agriculture.

2) Mr. Reeves did not use violence or possess a firearm in connection with the offenses;

3) Mr. Reeves pleaded guilty to all four counts charged against him;

4) The offenses did not result in death or serious bodily injury to any person;

5) Mr. Reeves was not an organizer, leader, manager or supervisor of others in the offenses; and

6) Mr. Reeves has truthfully provided the Government with all information and evidence he has concerning the offenses and did so in a timely manner.

Mr. Reeves is an example of a man that has made a mistake, one for which he knows he must be punished. However, Mr. Reeves has made every effort to turn his life around. He lives a clean life and has not had any trouble with the law before or since committing these offenses.

Under the circumstances of this case, a sentence less than that set in the Sentencing Guidelines would be reasonable and therefore appropriate. Mr. Reeves respectfully requests that this Honorable Court impose a sentence of supervised probation.

Respectfully submitted this 28th day of July, 2008.

s/ Richard K. Keith
**RICHARD K. KEITH (KEI003)**
Attorney for Defendant
22 Scott Street
Montgomery, AL  36104-4012
Telephone:  (334) 264-6776
Facsimile:  (334) 265-5362

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Christopher A. Snyder, AUSA
    Post Office Box 197
    Montgomery, AL 36101-0197

                                      s/ Richard K. Keith
                                      **OF COUNSEL**